UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| ADAM LEE POOLE | ) | CASE: G17-22393-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND EXEMPTIONS AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Chapter 13 Petition, Schedules and Debtor's testimony reflect that the Debtor resides outside of the Northern District of Georgia, such that the venue may be improper pursuant to 28 U.S.C. Section 1408.

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the periods ending December 31, 2013 and December 31, 2014. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Trustee requests a copy of the 2017 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Debtor has failed to file the sixty (60) days of pay advices or affidavit pursuant to 11 U.S.C. Section 521(a)(1).

6.

The Debtor has failed to file a certificate of attendance for credit counseling for the appropriate district, in violation of 11 U.S.C. Section 109(h).

7.

The Trustee requests proof of income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Trustee requests proof of the $400.00 expense for childcare in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Debtor proposes to pay child support of $1,181.00 directly to the recipient. The Chapter 13 Trustee requests proof of post-petition child support payments in order to determine feasibility of the plan. 11 U.S.C. Section 1325(a)(6).

10.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the Debtor's current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Specifically, Debtor does not receive child support income.

11.

The Chapter 13 Schedules fail to include and notice debts owed for attorney fees, the domestic support obligation or property in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

12.

According to information received by the Chapter 13 Trustee, the Debtor has resided in Georgia for less than 730 days. The Debtor may not be entitled to the exemptions under Georgia law pursuant to 11 U.S.C. Section 522(b)(3)(A).

13.

It appears that Gilreath & Associates represents the Debtor in a pending or anticipated non-bankruptcy litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

14.

Pursuant to testimony from the Meeting of Creditors or other information received by the Chapter 13 Trustee, it appears that Debtor has a pending or anticipated lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit or claim in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h). Further, Schedule B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. Section 44-13-100.

15.

Question #5 of Debtor's Statement of Financial Affairs is inaccurate and/or incomplete in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

16.

The Disclosure of Compensation of Attorney for Debtor filed in this Chapter 13 bankruptcy case fails to reflect whether the Debtor has received a copy of the Rights and Responsibilities Statement between Chapter 13 Debtors and their Attorneys as required by this Court in General Order No. 9.

17.

The Rule 2016(b) Disclosure Statement fails to contain an assignment from the Debtor to his attorney for funds to be paid for attorney's fees upon pre-confirmation dismissal or conversion.

18.

The plan fails to treat the priority claim of Internal Revenue Service in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

19.

The Chapter 13 plan proposes to pay $4,500.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Debtor's exemptions, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 9th day of February, 2018.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

# CERTIFICATE OF SERVICE

Case No: G17-22393-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
ADAM LEE POOLE
PO BOX 245
BLAIRSVILLE, GA  30514-0245

**Attorney for the Debtor(s):**
HAIT & KUHN
185 STOCKWOOD DRIVE
SUITE 100
WOODSTOCK,, GA  30188

This the 9th day of February, 2018.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303